UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

COREY HOWELL,
    Plaintiff,

vs.                                                  Case No.:  3:21cv110/LAC/EMT

MARSHA NICHOLS, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

    Plaintiff Corey Howell (Howell), an inmate of the Florida Department of Corrections proceeding pro se and in forma pauperis, commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). Presently before the court is Howell's Fourth Amended Complaint (ECF No. 23).

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b). After careful consideration of the issues presented, it is the opinion of the undersigned that Howell's claims should be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

I.  BACKGROUND

Howell names two Defendants in this case: (1) Marsha Nichols, an advanced registered nurse practitioner at Blackwater River Correctional Facility (BRCF); and (2) Gary English, an assistant warden at BRCF (ECF No. 23 at 1–2). Howell claims Defendants failed to properly diagnose and treat his gastrointestinal condition, in violation of the Eighth Amendment (*id.* at 7–9). Howell seeks injunctive relief, specifically, an order requiring Defendants to refer him to a specialist and provide all recommended treatment (*id.* at 9).

II.  RELEVANT LEGAL STANDARDS

  A.  **Statutory Screening Standard**

Because Howell is a prisoner proceeding in forma pauperis, the court must dismiss this case if the court determines it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The statutory language "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and construed in the light

most favorable to the plaintiff. *See Davis v. Monroe Cnty. Bd. of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997).

The court may consider documents attached to a complaint or incorporated into the complaint by reference, as well as matters of which a court may take judicial notice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Saunders v. Duke*, 766 F.3d 1262, 1272 (11th Cir. 2014).

To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). The court

is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks and citation omitted). And "bare assertions" that "amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks and citation omitted). Stated succinctly,

> [p]leadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

B. **Eighth Amendment Standard**

To prevail on an Eighth Amendment deprivation of medical care claim, an inmate plaintiff must prove three elements. First, the plaintiff must demonstrate "an objectively 'serious medical need,' one that, if left unattended, 'poses a substantial risk of serious harm, . . ." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "[A] serious medical need is . . . one . . . diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (citation omitted).

The second element requires the plaintiff to show that the defendant acted with "a subjective intent to punish." *Taylor*, 221 F.3d at 1258. To show the required subjective intent, a plaintiff must demonstrate that the defendant "acted with an attitude of 'deliberate indifference.'" *Id.* (quoting *Estelle*, 429 U.S. at 105). "Deliberate indifference requires the following: '(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence.'" *Franklin v. Curry*, 738 F.3d 1246, 1250 (11th Cir.2013) (quoting *Goodman v. Kimbrough*, 718 F.3d 1325, 1331–32 (11th Cir. 2013)). The official's response must have been so inadequate as to "constitute 'an unnecessary and wanton infliction of pain,' and not merely accidental inadequacy, 'negligence in diagnosis or treatment,' or even 'medical malpractice' actionable under state law." *Id.* (quoting *Estelle*, 429 U.S. at 105–06)). The deliberate-indifference standard is akin to "subjective recklessness as used in the criminal law." *Farmer*, 511 U.S. at 839–40; *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1271 (11th Cir. 2020).

To satisfy the final element of an Eighth Amendment deprivation of medical care claim, a plaintiff must show the official's deliberate indifference caused his injury. *Taylor*, 221 F.3d at 1258; *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009).

III. DISCUSSION

As previously noted, Howell claims that Defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment, by failing to properly diagnose and treat his gastrointestinal condition. Howell alleges he arrived at BRCF on August 12, 2020 (ECF No. 23 at 7). He alleges he submitted a sick-call request to be seen for Irritable Bowel Syndrome with Constipation (IBSC) and "left foot disfigurement" (*id.*). Howell alleges approximately one month later, medical staff prescribed Metamucil and Colace for his gastrointestinal condition (*id.*). Howell alleges he had a follow-up appointment one week later (*id.*). Howell alleges ARNP Nichols asked him if the medication was working, and he responded it was ineffective (*id.*). Howell alleges Nichols then questioned him about his left foot complaint, noting that his medical chart stated he had no mobility issues with his foot (*id.*). Howell alleges he told ARNP Nichols he had boots with an orthopedic insert, pursuant to a medical pass issued at his former institution (*id.* at 7–8). Howell alleges Nichols took the pass and told him, "You're not getting any boots" (*id.* at 8). Howell alleges he asked Nichols about the IBSC, and Nichols responded that Dr. Monsalud would see him soon (*id.*). Howell includes no other allegations related to ARNP Nichols, nor does he include any factual allegations concerning Defendant Assistant Warden English.

Howell alleges he subsequently was seen by Dr. Monsalud's assistant and provided other medication (ECF No. 23 at 8). Howell alleges he was also seen by Nurse Simpson (who is not a named Defendant), who told Howell he was scheduled to see the doctor and should stop taking the medications if he did not like them (*id.*). Howell alleges he still has not received "proper treatment" for IBSC or a consultation with a gastroenterologist (*id.*).

Howell asserts the medical records and grievances attached to his Fourth Amendment Complaint demonstrate the lack of treatment. One of the attached medical records is a request for a gastroenterology consultation completed by a medical provider at a former institution on July 16, 2019, one year prior to Howell's interaction with ARNP Nichols (*see* ECF No. 23-1 at 16). The former medical provider diagnosed Howell with chronic constipation, IBS, and chronic abdominal pain (*id.*). The other attached medical record is a radiology request form completed by Dr. Monsalud at BRCF on February 10, 2021, after Howell commenced this civil rights case (*id.* at 14). The attached grievances show that Howell received medication, x-rays, and ultrasounds to determine the presence of an intestinal blockage, but no blockage was found (*see id.* at 7, 8).

Howell's claim against ARNP Nichols is based upon their single interaction on August 21, 2020. ARNP Nichols asked Howell if the medication prescribed for

the IBSC was working, and when Howell responded no, Nichols told Howell he soon would be seen by the doctor. Howell admits he was subsequently seen by the doctor's assistant. Howell alleges no facts that suggest ARNP subjectively knew that maintaining Howell's current treatment for the IBSC and deferring to the BRCF doctor to evaluate Howell's need for the medical pass, placed Howell at a substantial risk of serious harm. Therefore, Howell has not stated a plausible Eighth Amendment claim against ARNP Nichols.

This leaves Defendant Assistant Warden English. Howell does not mention English in his factual allegations (*see* ECF No. 23 at 7–8). In one of Howell's attached grievances, Howell requested a consultation with a gastroenterologist and directed his request to Assistant Warden English (*see* EF No. 23-1 at 2, 7). Dr. Monsalud and Warden Maiorana responded to the grievance, stating that Howell's medical records were reviewed and showed that Howell was provided medication by the clinician to assist with bowel movements and relieve constipation (*id.* at 8). Howell was advised to sign up for sick-call is he wished to be reevaluated (*id.*).

There is no indication Assistant Warden English was involved in the alleged denial of medical treatment. Therefore, Howell has not stated a plausible claim for relief against English. *See Keith v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1050 (11th Cir. 2014) (holding that the law does not require the head jailer to ignore the

determination and recommendation of contracted medical staff); *see also Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990) (a claim of medical indifference cannot generally be against non-medical personnel, unless they personally involved themselves with a denial of treatment or deliberately interfered with the medical treatment).

The court previously instructed Howell on the legal standards for stating a plausible deliberate indifference claim and provided him an opportunity to amend his complaint to allege sufficient facts that stated a plausible claim (*see* ECF No. 20). Howell's fourth amended complaint still fails to state a constitutional claim against any Defendant. Howell's claims thus should be dismissed pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

IV.  CONCLUSION

Howell's factual allegations fail to state a plausible claim for relief against any Defendant. Therefore, the undersigned recommends that Howell's claims be dismissed, pursuant to §§ 1915(e)(2)(B)(ii) and 1915(b)(1).

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's claims be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Case No.:  3:21cv110/LAC/EMT

2. That the clerk of court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida this 7th day of February 2022.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. **Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.** An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No.: 3:21cv110/LAC/EMT